UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEANA FISHER, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | Case No. 4:15CV00372 AGF |
| ENTERPRISE HOLDINGS, INC., et al., | | |
| Defendants. | | |

# MEMORANDUM AND ORDER

This putative class action brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq., claims that that Defendants, Enterprise Holdings, Inc., and a related entity, violated the FCRA through its process of obtaining consumer reports regarding prospective employees. The action is now before the Court on Defendants' motion for judgment on the pleadings. Defendants argue that Plaintiff does not have standing because she failed to plead facts demonstrating that she has suffered a particularized and concrete injury. For the reasons set forth below, Defendants' motion will be granted.

## BACKGROUND

Plaintiff's amended complaint alleges that in connection with her application for a job with Defendants in California, Defendants obtained a consumer report about her to conduct a background check, in accordance with their regular practice. Plaintiff asserts that Defendants' disclosure to Plaintiff (and other prospective and current employees)

that Defendants would procure a consumer report failed to comply with the FCRA because the disclosure was not "clear and conspicuous . . . in a document that consists solely of the disclosure," as required by § 1681b(b)(2)(A)(i) of the FCRA.  Rather, the disclosure consisted of (1) two sentences within an online employment application (Doc. No. 2-1); and (2) after submission of the application, another electronic form, entitled "AUTHORIZATION FOR RELEASE OF INFORMATION," that included authorization for release of other reports as well (Doc. No. 2-2).  Plaintiff electronically signed both forms.

Counts I and II of Plaintiff's amended complaint claims violation of § 1681b(b)(2)(A)(i) and (ii) for failing to make a proper disclosure and, as a result, failing to obtain a proper authorization, respectively.  Count III claims that the same conduct violated the California Unfair Competition Law.  With respect to injury and damages, Plaintiff alleges with respect to Counts I and II that "[a]s a result of Defendants' wrongful acts and omissions, Plaintiff and other putative class members have been injured, including, without limitation, by having their privacy and statutory rights invaded in violation of the FCRA," and that she and the putative class members "are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A)."  (Doc. No. 2 at 3, 16, 17.) As relief, Plaintiff seeks "statutory damages, punitive damages, costs and attorneys' fees, equitable relief, and other appropriate relief for Defendants' systematic and willful violations of the FCRA."  *Id*. at 3.

In support of their motion for judgment on the pleadings, Defendants rely on the recent decision by the Supreme Court, *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) ("*Spokeo*"), for the proposition that Plaintiff has not pleaded a "concrete injury," and therefore, has no standing to bring this case. Plaintiff responds that violations of her rights to privacy and to receiving information in the manner prescribed by the FCRA are "concrete" injuries under *Spokeo*.

## **DISCUSSION**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is to be considered using the same standard as a motion to dismiss under Rule 12(b)(6). *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-70 (2007)). The reviewing court must accept the plaintiff's factual allegations as true and construe them in plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Id.* at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

Article III of the Constitution limits federal courts' jurisdiction to certain "Cases" and "Controversies." U.S. Const. Art. III, § 2. "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Clapper v. Amnesty Int'l U.S.A.*, 133 S. Ct. 1138, 1146 (2013) (citation omitted). The "irreducible constitutional minimum" of standing consists of three elements: "The plaintiff must have

(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo,* 136 S. Ct. at 1547 (citation omitted). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id*. (citation omitted). Where a case is at the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating each element." *Id*. "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized . . . ." *Id*. at 1548 (citation omitted). "The elements of standing 'cannot be inferred argumentatively from averments in the pleadings, but rather must affirmatively appear in the record.'" *Owner-Operator Indep. Drivers Assoc., Inc. v. United States Dep't of Trans.*, 2016 WL 4087235, at *3 (8th Cir. Aug. 2, 2016) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)).

Congress passed the FCRA to ensure "that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). A careful reading of *Spokeo* is required to determine whether here, Plaintiff has alleged a concrete injury for standing purposes. The plaintiff in *Spokeo* claimed that reports generated by the defendant, an online consumer reporting agency, and marketed to entities performing background checks, contained inaccurate information about him. The plaintiff claimed that the defendant thereby violated various FCRA requirements, including that consumer reporting agencies

4

"follow reasonable procedures to assure maximum possible accuracy of" consumer reports, and issue notices to providers and users of information of their responsibilities under the FCRA.  As characterized by the district court, Plaintiff alleged that he was concerned that his ability to obtain credit, employment, insurance, and the like would be adversely affected.  The district court dismissed the complaint, holding that the plaintiff had not properly pleaded injury in fact as required by Article III, because his "concern that he will be adversely affected by Defendant's website in the future, is an insufficient injury to confer standing."  *Robins v. Spokeo, Inc.*, No. CV10-05306 ODW (AGRX), 2011 WL 597867, at *1 (C.D. Cal. Jan. 27, 2011).

The Ninth Circuit reversed, holding that the plaintiff's personal interests in the handling of his credit information was particularized rather than collective, and therefore, the alleged violations of his statutory rights were sufficient to satisfy the injury-in-fact requirement of Article III.  *Robins v. Spokeo, Inc.*, 742 F.3d 409, 413-14 (9th Cir. 2014). The Supreme Court reversed and remanded the case on the basis that the Ninth Circuit's analysis was "incomplete" in that it failed to determine whether the defendant's alleged violations of the FCRA caused "concrete injury" to the plaintiff.  "Particularization is necessary to establish injury in fact, but it is not sufficient.  An injury in fact must also be 'concrete.'"  *Spokeo*, 136 S. Ct. at 1548.

To give guidance in determining whether a concrete injury had been asserted, the Supreme Court explained that "concrete" was not "necessarily synonymous with 'tangible,'" and continued as follows:

In determining whether an intangible harm constitutes injury in fact . . . [i]t is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts. In addition, because Congress is well positioned to identify intangible harms that meet minimum Article III requirements, its judgment is also instructive and important.

* * *

Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, [Plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.

This does not mean, however, that the risk of real harm cannot satisfy the requirement of concreteness. For example, the law has long permitted recovery by certain tort victims even if their harms may be difficult to prove or measure [such as in the case of slander per se]. Just as the common law permitted suit in such instances, the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. In other words, a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified. *See Federal Election Comm'n v. Akins*, 524 U.S. 11, 20-25 (1998) (confirming that a group of voters' "inability to obtain information" that Congress had decided to make public is a sufficient injury in fact to satisfy Article III); *Public Citizen v. Department of Justice*, 491 U.S. 440, 449 (1989) (holding that two advocacy organizations' failure to obtain information subject to disclosure under the Federal Advisory Committee Act "constitutes a sufficiently distinct injury to provide standing to sue").

In the context of this particular case, these general principles tell us two things: On the one hand, Congress plainly sought to curb the dissemination of false information by adopting procedures designed to decrease that risk. On the other hand, [Plaintiff] cannot satisfy the demands of Article III by alleging a bare procedural violation. A violation of one of the FCRA's procedural requirements may result in no harm. For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate. In addition, not all inaccuracies cause harm or present

any material risk of harm. An example that comes readily to mind is an incorrect zip code.

*Id*. at 1549-50 (citations omitted).

The Court believes that following these guidelines and principles leads to the conclusion that Plaintiff here has not pleaded a concrete injury. All Plaintiff alleges is that the format and conspicuousness of Defendants' disclosure that they would procure a consumer report did not comply with the statute at issue. Plaintiff did not allege that she did not, in fact, see the disclosure, or that the language of the disclosure was poorly drafted, or otherwise incomprehensible. Nor did she allege that her authorization was not knowing.

Plaintiff refers the Court to a recent decision by the Eleventh Circuit applying *Spokeo* to a claim under the Fair Debt Collection Practices Act ("FDCPA"), *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543 (11th Cir. July 6, 2016). In *Church*, the Eleventh Circuit held that a plaintiff who sued a debt collector for failure to include statutorily- required disclosures in a collection letter (such as that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose) had standing to bring her claims, because failing to receive information which she was statutorily entitled to receive was a concrete injury "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *Id*. at *3. The Eleventh Circuit reasoned that the plaintiff did not allege a "bare procedural violation," but rather that "Congress provided [Plaintiff] with a substantive right to receive certain disclosures and [Plaintiff] has alleged that [Defendant] violated that substantive right. *Id*.

7

*4 n.2; *see also Lane v. Bayview Loan Servicing*, LLC, No. 15 C 10446, 2016 WL 3671467, at *3-4 (N.D. Ill. July 11, 2016) ("The information-access cases cited by *Spokeo* suggest that, in this case, [Plaintiff] has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA.")

*Church* is distinguishable from the present case, not only because it involves a different statute, but because the nature of the statutory violation is different. In *Church*, the plaintiff alleged that she did not receive certain information she was entitled to receive, whereas here, as noted above, all Plaintiff alleges is that the format and conspicuousness of a disclosure did not comply with the statute at issue. The Court believes that under these circumstances, the statutory violation alleged by Plaintiff does not establish her standing to bring this action.

Another post-*Spokeo* case relied upon by Plaintiff, *Hawkins v. S2Verify*, No. C 15-03502 WHA, 2016 WL 3999458 (N.D. Cal. July 26, 2016), is also unavailing. In that case, the plaintiff alleged that the defendant consumer reporting agency violated the FCRA by listing in a consumer report about him that was "sent . . . into the world" his prior convictions that were older than seven years, something the FCRA prohibits. The district court held that the plaintiff had satisfied the concreteness requirement for standing as the defendant had disclosed records of convictions "that Congress has protected from disclosure, thereby intruding upon the plaintiff's privacy interest." *Id*. at 5. The situation here is quite different. For similar reasons, the other cases cited by Plaintiff are of no avail to her.

Although a close question is presented, the Court concludes that Plaintiff has failed to plead facts demonstrating that she has suffered any injury in fact. Therefore, Plaintiff lacks standing to bring her federal claims. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim, pursuant to 28 U.S.C. § 1367(c).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for judgment on the pleadings with respect to Counts I and II is **GRANTED**, and Plaintiff's state claim is dismissed without pprejudice. (Doc. No. 27.)

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDRERY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of September, 2016.